IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-688-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FULLER'S PERSONAL PROPERTY, ) | |
| ) | |
| Defendant. ) | |

On July 13, 2017, Wesley Russell Fuller ("Fuller") moved to compel initial disclosures under Fed. R. Civ. P. 26(a)(1)(A). See [D.E. 33]. On July 19, 2017, the government responded in opposition [D.E. 38] and noted that initial disclosures are not required in forfeiture proceedings. See Fed. R. Civ. P. 26(a)(1)(B)(ii). The government is correct. Thus, the court denies Fuller's motion for initial disclosures.

On July 14, 2017, the government moved to strike Fuller's claim pursuant to Supplemental Rule G(8)(c)(i)(A) of the Federal Rules of Civil Procedure [D.E. 34] and filed a memorandum in support [D.E. 35]. Supplemental Rule G(8)(c)(i)(A) states that "[a]t any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6)." Supplemental Rule G(5)(a)(i)(C) states that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must . . . be signed by the claimant under penalty of perjury." "Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter." United States v. Borromeo, 945 F.2d 750, 752 (4th Cir. 1991) (quotation omitted).

On August 7, 2017, Fuller moved to file amended pleadings to correct his failure to comply with Supplemental Rule G(5)(a)(i)(C). See [D.E. 39]. On August 16, 2017, the government responded in opposition and argued that the proposed amendment is futile because Fuller still failed to comply with Supplemental Rule G(5)(a)(i)(C). See [D.E. 40]; United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); United States v. $104,250.00 in U.S. Currency, 947 F. Supp. 2d 560, 563–65 (D. Md. 2013) (analyzing Rule G(5)(a)(i)(C)).

On August 28, 2017, Fuller moved to file amended pleadings to correct his failure to comply with Supplemental Rule G(5)(a)(i)(C). See [D.E. 41]. On September 7, 2017, the government responded in opposition and argued that the proposed amendment was futile because Fuller had still not complied with Rule G(5)(a)(i)(C). See [D.E. 42].

The court has reviewed the record. Fuller's initial filing does not comply with Supplemental Rule G(5)(a)(i)(C). See [D.E. 35] 3–5. Accordingly, the court grants the motion to strike. See, e.g., $104,250.00 in U.S. Currency, 947 F. Supp. 2d at 563–65. In addition, for the reasons stated in the government's responses [D.E. 40, 42], the proposed amendments are futile because Fuller has not complied with Supplemental Rule G(5)(a)(i)(C). Thus, the court denies the motions to amend.

In sum, the court DENIES the motion for discovery [D.E. 33], GRANTS the motion to strike [D.E. 34], and DENIES the motions to amend [D.E. 39, 41].

SO ORDERED. This 11 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge