IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-688-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FULLER'S PERSONAL PROPERTY, SPECIFICALLY DESCRIBED AS RAVEN ARMS .25 CALIBER PISTOL MODEL MO-25, SERIAL NUMBER: 1737745, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

On November 2, 2017, the government moved for an entry of default against the defendant property [D.E. 45]. On November 16, 2017, Wesley Russell Fuller ("Fuller"), filed a claim as to the "remaining firearms" [D.E. 46]. On December 14, 2017, the government moved to strike Fuller's claim and filed a memorandum in support [D.E. 47–48]. On January 2, 2018, Fuller responded in opposition [D.E. 49]. On January 5, 2018, the government replied [D.E. 50]. On January 29, 2018, Fuller responded to the government's reply [D.E. 52–53]. As explained below, the court grants the government's motions to strike and for entry of default.

I.

On July 20, 2016, the government filed a complaint in rem seeking the forfeiture of various firearms and other items of personal property seized from Fuller. See [D.E. 1]. On July 21, 2016, the government filed a warrant of arrest and notice in rem. See [D.E. 4]. On August 24, 2016, Fuller filed a claim of interest regarding some of the items named in the complaint. See [D.E. 6]. On November 9, 2016, Fuller moved for an extension of time to answer the complaint [D.E. 7] and responded in opposition [D.E. 8]. On December 20, 2016, the government amended its complaint

[D.E. 16]. On December 21, 2016, the court gave Fuller an extension to respond to the amended complaint. See [D.E. 20]. On February 27, 2017, Fuller filed an amended claim concerning certain items of property. See [D.E. 25]. On April 4, 2017, the government filed a second amended complaint. See [D.E. 29]. On April 28, 2017, Fuller filed a second set of amended claims, but failed to make his claims under penalty of perjury. See [D.E. 31].

On July 14, 2017, the government moved to strike Fuller's claims and argued that Fuller's claims were facially insufficient. See [D.E. 34]. On October 11, 2017, the court entered an order striking Fuller's claims and proposed amended claims and found that Fuller's claims and proposed amended claims did not comply with Supplemental Rule G(5)(a)(i)(C). See [D.E. 44]. On November 2, 2017, the government moved for default as to the remaining in rem defendants. See [D.E. 45]. Before the clerk could enter default, Fuller filed yet another claim on November 16, 2017. See [D.E. 46]. On December 14, 2017, the government filed its second motion to strike and argued that Fuller's renewed claim is untimely. See [D.E. 47].

Supplemental Rule G governs a forfeiture action in rem arising from a federal statute. See Supp. R. G(1). Under Supplemental Rule G(5)(a)(i), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i); cf. 18 U.S.C. § 983(a)(4)(A) (stating that a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules]"). Supplemental Rule G(5) requires a person to file the claim by the time stated in the direct notice sent under Rule G(4)(b). See Supp. R. G(5)(a)(ii)(A). The direct notice contained in the Warrant of Arrest and Notice In Rem provided that any claim must be filed "within thirty-five (35) days after the earlier of (a) the date this Warrant of Arrest and Notice In Rem is sent, as defined by Supplemental Rule G(4)(b)(iv), or (b) from completed publication of the notice of the filing of the complaint, if required

2

. . . ." [D.E. 30] 3. After filing a claim, a person asserting an interest in seized property has 21 days to serve and file an answer to the complaint for forfeiture. See Supp. R. G(5)(b).

On April 11, 2017, the second amended complaint was mailed to Fuller at his place of incarceration by certified mail, return receipt requested, and he received it on April 13, 2017. See [D.E. 36-1]. Under Supplemental Rule G(5)(a)(ii)(A), read in conjunction with Supplemental Rule G(4)(b)(iv), Fuller had 35 days from April 11, 2017, to file his claim. Thus, Fuller had until May 16, 2017, to file his claim. Fuller first attempted to file a claim concerning the second amended complaint on April 28, 2017, but did not make his claim under penalty of perjury. See [D.E. 31].

The government argues that Fuller only had until May 16, 2017, to file a proper claim under penalty of perjury and failed to do so. Thus, according to the government, Fuller's renewed claim of November 16, 2017, is untimely.

A person contesting the forfeiture of property in a civil forfeiture action "must" file a claim "by the time stated in a direct notice sent under Rule G(4)(b)." Supp. R. G(5)(a)(ii)(A). A claimant who fails to comply with the Supplemental Rules lacks statutory standing to assert a claim. See United States v. $18,690.00 in U.S. Currency, No. 5:13CV00026, 2014 WL 1379914, at *2 (W.D. Va. Apr. 8, 2014) (unpublished). The government may move to strike a claim for failing to comply with Rule G(5). See Supp. R. G(8)(c)(A). When a claimant "has not timely filed a verified claim, the court may strike the answer." United States v. Thirty-Five Firearms, 123 F. App'x 204, 206 (6th Cir. 2005) (per curiam) (unpublished); United States v. $23,000 in United States Currency, 356 F.3d 157, 163 (1st Cir. 2004).

Courts "consistently have required claimants to follow the language of the Supplemental Rules to the letter." United States v. Borromeo, 945 F.2d 750, 752 (4th Cir. 1991) (quotation

3

omitted). By filing an untimely claim, Fuller has failed to do so. Thus, the court strikes his renewed claim.

In opposition, Fuller argues that he demonstrated "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). "[I]nadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute 'excusable neglect.'" Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996) ; see Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 220 (4th Cir. 2011) (per curiam) (unpublished). Excusable neglect is "not easily demonstrated" and applies "only in the extraordinary cases where injustice would otherwise result." Symbionics Inc., 432 F. App'x at 220 (quotation omitted); Thompson, 76 F.3d at 534. Relevant factors for determining excusable neglect include the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395 (1993); Thompson, 76 F.3d at 533.

In analyzing excusable neglect, the most important factor is the reason for failing to timely file. See, e.g., Thompson, 76 F.3d at 534. Fuller says in his renewed claim that "On or around 10/17/17 Wesley was transported away from all of his legal papers to appear before this Honorable Court in reference to his Writ. On or around 10/31/17 Wesley was returned to FMC Butner and is just now able to respond in said motion." [D.E. 46] 1. Fuller's absence from Butner, however, does not adequately explain why Fuller failed to file a timely, verified claim until November 16, 2017. Fuller has had notice since the service of the warrant of arrest in rem on April 13, 2017, that he had to file a timely, verified claim. See [D.E. 36-1]. Fuller's two-week absence from Butner in October 2017 occurred long after the time for filing a claim had expired. Thus, Fuller's October 2017

4

absence from Butner does not provide "excusable neglect" for the untimely filing. See, e.g., Pioneer Inv. Servs. Co., 507 U.S. at 391–92; Thompson, 76 F.3d at 534.

Next, Fuller argues that the government failed to comply with 21 U.S.C. § 853(n)(1), because "notice was not sent to Fuller's father allowing him to assert a legal interest in the property in question." [D.E. 49] 3 (alternation omitted). Fuller seeks the return of the property due to these "serious due process concerns." Id.

Without a timely, verified claim, Fuller lacks standing to make this due-process argument concerning a third-party. See United States v. Two Bank Accounts, No. Civ. 06-4016-KES, 06-4005, 2009 WL 92449, *2 (D.S.D. Jan. 5, 2009) (unpublished). Moreover, and in any event, Fuller's father had actual notice of the forfeiture complaint. See [D.E. 39-2]. Indeed, Fuller's father, George W. Fuller, actually filed a document under penalty of perjury in this proceeding on August 7, 2017, where he stated he bought certain firearms subject to forfeiture and gave them to Fuller. See id. Thus, Fuller cannot credibly claim his father did not have notice. As for Fuller's citation to 21 U.S.C. § 853(n)(1), the notice procedures in that statute do not apply in a civil forfeiture proceeding.

Fuller raises several arguments concerning the Federal Rules of Criminal Procedure and due process in his sur-reply. See [D.E. 52–53]. Local Civil Rule 7.1 does not permit a party who opposes a motion to file a sur-reply. See Local Civil Rule 7.1(f)–(g). Accordingly the court does not consider these filings.

Pro se claimants are not excused from strict compliance with the rules governing forfeiture of property. See, e.g., United States v. One 2012 Honda Accord, No. ELH-14-01294, 2014 WL 6066002, *5–6 (D. Md. Nov. 12, 2014) (unpublished); United States v. $11,210.00 in U.S. Currency, No. 3:09CV285, 2010 WL 2817246, *2–3 (E.D. Va. July 15, 2010) (unpublished). Fuller did not

do what the rules require: file a timely claim under penalty of perjury. Thus, the court grants the government's second motion to strike.

II.

In sum, the court GRANTS the government's motion for entry of default [D.E. 45] and its second motion to strike [D.E. 47] and directs the clerk to enter DEFAULT against the defendant property.

SO ORDERED. This 30 day of January 2018.

                                                JAMES C. DEVER III
                                                Chief United States District Judge